IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| In re: | ) | |
|---|---|---|
| Kerri Lee Wallis, | ) | Case No.: 09-06669-BGC-7 |
| Debtor. | ) | |
| Bettye Ann Anglin and Forrest Anglin, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | A. P. No.: 10-00010 |
| Kerri Lee Wallis, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The matters before the Court are:

1. A <u>Request for Reconsideration and Request for Clarification</u> filed on April 6, 2011, by the debtor. (Docket No. 26); and

2. A <u>Motion for Appropriate Relief</u> filed on May 23, 2011, by the debtor. (Docket No. 29).[1]

After notice, a hearing was held on June 8, 2011. Appearing were: Andre Toffel and James Walsh, the attorneys for the plaintiffs; and Ted Pearson, the attorney for the defendant-debtor. The matters were submitted based on the arguments of counsel and the pleadings.

### I. Background

The plaintiffs filed a Complaint and Objection to Discharge Pursuant to 11 U.S.C. § 523 and § 727 on February 5, 2010. After a trial, on March 31, 2011, this Court entered a memorandum opinion and an order finding that a state court ordered $110,000 judgment owed by the defendant to the plaintiffs was not dischargeable under section 523(a)(6). This Court denied the section 727 request.

---

[1]This motion was docketed as a Motion to Stay Pending Appeal and has two parts.

The plaintiffs filed a Process of Garnishment in the state court on May 6, 2011, to collect the $110,000 judgment.

## II. Conclusions

There are three parts to the two pending matters.

### A. The Defendant's <u>Request for Reconsideration</u> <u>and Request for Clarification</u>

The first part is the defendant's request for this Court to reconsider its March 31, 2001 opinion and order.[2] Short of filing an appeal, a debtor aggrieved by an order from a bankruptcy court has four general review options. Those are:

> 1. To ask the ruling court to alter or amend the ruling pursuant to Rule 59(a) of the Federal Rules of Civil Procedure (applicable to bankruptcy proceedings through Rule 9023 of the Federal Rules of Bankruptcy Procedure);

> 2. To ask the ruling court for a new trial pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (applicable to bankruptcy proceedings through Rule 9023 of the Federal Rules of Bankruptcy Procedure);

> 3. To ask the ruling court for general reconsideration of the ruling pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (applicable to bankruptcy proceedings through Rule 9024 of the Federal Rules of Bankruptcy Procedure);

> 4. To ask the ruling court for amended findings or for additional findings pursuant to Rule 52(b) of the Federal Rules of Civil Procedure (if the ruling was made in an adversary proceeding, applicable to bankruptcy proceedings through Rule 7052 of the Federal Rules of Bankruptcy Procedure); or

While the pending motion is most like option 1, the Court finds that relief is not available under any option.

At the hearing on this matter, the defendant argued that this Court had not considered certain facts that were presented to the state court in the companion cases of <u>Forrest Anglin vs. Kerri Wallis, et al.</u>, Civil Action No. CV-03-7637-TMS and <u>Bettye Anglin vs. Kerri Wallis, et al.</u>, Civil Action No. CV-03-7638-TMS regarding the plaintiffs' attempts to pierce Karson Enterprises' corporate veil. Relying in part on this Court's

---

[2] The Court has not discussed the defendant's request for clarification, which relates to whether the March 31, 2011, judgment was a new judgment or was only an acceptance of the state court judgment for the same amount. At the hearing on this matter the Court confirmed that the debt it found to be nondischargeable was the state court debt.

2

findings in previous matters in this venue, the defendant argued in the state court matters and in the instant matter that the defendant and others have not been found to have committed fraud.[3] Even if this were true, it is not relevant to the instant matter.

This Court based its March 31, 2011, order and memorandum on the state court's findings and rulings. If the state court did not consider the defendant's arguments then, the defendant's remedy was to seek modification or clarification at that time. This Court found that the debt the defendant owed to the plaintiffs was not dischargeable because this Court was estopped from deciding otherwise. Whatever complaints the defendant had with the state courts' decisions on which this Court based its decision were complaints that should have been addressed to that court. The defendant cannot collaterally attack those decisions in this Court.

Based on the above, but primarily based on this Court's March 31, 2011, memorandum opinion and order, the Court finds that the defendant's <u>Request for Reconsideration and Request for Clarification</u> filed on April 6, 2011, govern No. 26, is due to be denied.

## B. The Defendant's <u>Motion for Appropriate Relief</u> - Request for Stay

The second part of the matters before the Court is the first part of the defendant's <u>Motion for Appropriate Relief</u>, that is, the defendant's request to stay this Court's March 31, 2011, order and to stay the plaintiffs' state court garnishment instituted to collect their debt. This request is governed by the universally accepted standard outlined in <u>In re Williamson</u>, 414 B.R. 892 (Bankr. S.D. Ga. 2009). That court wrote:

> In determining whether a discretionary stay should be granted, courts have adopted a four factor test that examines the following: 1) the likelihood the movant will prevail on the merits on appeal; 2) whether, absent a stay, the movant will suffer irreparable damage; 3) whether the adverse party will suffer no substantial harm from the issuance of the stay; and 4) whether the public interest will be served, rather than disserved, by issuing the stay.

<u>Id</u>. at 894.

Based on its March 31, 2011, memorandum and order, this Court finds that there is no likelihood that the movant will prevail on the merits on appeal. Therefore, the

---

[3]This Court found the $110,000.00 debt nondischargeable under section 523(a)(6) as willful and malicious, not under section 523(a)(2) or (a)(4) for fraud.

3

Court finds that a stay pending appeal or a stay of the state court garnishment process is not warranted.[4]

### C. The Defendant's <u>Motion for Appropriate Relief</u> - Request for Sanctions

The third part of the matters before the Court is the second part of the defendant's <u>Motion for Appropriate Relief</u>, that is, the defendant's argument that the plaintiffs were stayed by operation of law from collecting their judgment until this Court ruled on the pending motions. Based on that argument, the defendant concludes that when the plaintiffs violated that alleged "stay," damages were caused for which sanctions lie.

This Court entered its order on March 31, 2011. The plaintiffs instituted a garnishment proceeding in state court on May 6, 2011.[5] These dates are important. Under Federal Rule of Civil Procedure 62, applicable here through Federal Rule of Bankruptcy Procedure 7062, "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry." <u>Id</u>. Clearly under this rule, the plaintiffs could not begin to collect their judgment until 14 days after entry of the judgment. The rule does not specify what may occur after those 14 days, but it does <u>allow</u> a court to stay a judgment after that time. The rule includes:

> (b) Stay Pending the Disposition of a Motion. On appropriate terms for the opposing party's security, the court may stay the execution of a judgment--or any proceedings to enforce it--pending disposition of any of the following motions:
>
> (1) under Rule 50, for judgment as a matter of law;
>
> (2) under Rule 52(b), to amend the findings or for additional findings;
>
> (3) under Rule 59, for a new trial or to alter or amend a judgment; or
>
> (4) under Rule 60, for relief from a judgment or order.

<u>Id</u>.

This Court interprets the post-14-day "stay" described above as a discretionary one. Dictum in <u>Van Huss v. Landsberg</u>, 262 F.Supp. 867 (W.D.Mo.1967) reads:

---

[4] Because all four factors must be satisfied, the Court need not discuss the remaining three.

[5] A copy of the Process of Garnishment is attached to the defendant's <u>Motion for Appropriate Relief</u>. Docket No. 29.

4

Case 10-00010-BGC    Doc 33    Filed 06/20/11    Entered 06/20/11 13:57:10    Desc Main
Document      Page 4 of 5

> The defendant has filed a motion to quash the above garnishments. The first ground alleged in the motion is that the judgment was not final as long as the motion for new trial was pending, and therefore execution could not issue. Defendant cites one case from this circuit, <u>Danielson v. Northwestern Fuel Co.</u>, C.C., 55 F. 49 (1893) which supports this contention. In 7 Moore's Federal Practice P62.04 this question is discussed, and it is pointed out that these old cases are no longer good law since the adoption of the Federal Rules of Civil Procedure. These rules provide for an automatic stay of execution for ten days after entry of judgment (Rule 62(a)) and a discretionary stay thereafter pending the disposition of a motion for new trial, upon such conditions for security of the other party as the Court deems proper (Rule 62(b)).

<u>Id</u>. at 868.[6]

This Court interprets Rule 62 to provide for a 14-day stay, with the possibility that a court will impose a stay of additional length. The first provision considered above distinctly prohibits collection of a judgment for 14 days. But this second one <u>allows</u> a court to stay pending a motion such as the one before this Court. If that is correct, because the plaintiffs did not attempt to collect the judgment before the 14-day period ended and there was no request to stay judgment pending consideration of the instant motions, the Court must find that the plaintiffs did not violate any stay. Therefore, no sanctions are available.

An Order will be entered contemporaneously with this Memorandum Opinion.

Dated: June 20, 2011          /s/Benjamin Cohen
                              BENJAMIN COHEN
                              United States Bankruptcy Judge

BC:pb

---

[6] But see <u>Whitehead v. Food Max of Mississippi, Inc.</u>, 277 F.3d 791 (5th Cir. 2002), rehearing en banc granted, opinion vacated by <u>Whitehead v. Food Max Of Mississippi, Inc.</u>, 308 F.3d 472 (5th Cir. 2002), on rehearing en banc <u>Whitehead v. Food Max of Mississippi, Inc.</u>, 332 F.3d 796 (5th Cir. 2003), rehearing denied July 17, 2003, certiorari denied by <u>Minor v. Kmart Corp.</u>, 540 U.S. 1047 (2003). There are other cases that consider a potential conflict between federal law and state law rules on whether a motion for a stay is required. This Court has not considered Alabama law on this subject.

5

Case 10-00010-BGC    Doc 33    Filed 06/20/11    Entered 06/20/11 13:57:10    Desc Main
                              Document    Page 5 of 5